NO: 2017-10039     DIVISION: D     SECTION: 12

PERITO, MICHAEL

Versus

ENTERGY CORPORATION ET AL

## CITATION

TO:     ENTERGY SERVICES, INC.

THROUGH:     ITS REGIST6ERED AGENT: MARCUS V. BROWN

639 LOYOLA AVENUE, NEW ORLEANS, LA 70113

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Breach of Contract

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA October 17, 2017

Clerk's Office, Room 402, Civil Courts  
421 Loyola Avenue  
New Orleans, LA

DALE N. ATKINS, Clerk of  
The Civil District Court  
for the Parish of Orleans  
State of LA  
by _Damien Brown_  
Damien Brown, Deputy Clerk

---

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within **Petition for Breach of Contract** ON ENTERGY SERVICES, INC. THROUGH: ITS REGIST6ERED AGENT: MARCUS V. BROWN Returned the same day No. _____ Deputy Sheriff of _____ Mileage: $ _____ _____/ ENTERED /_____ _____/_____/_____ SERIAL NO.   DEPUTY   PAPER   RETURN   PARISH | On this _____ day of _____ served a copy of the within **Petition for Breach of Contract** ON ENTERGY SERVICES, INC. THROUGH: ITS REGIST6ERED AGENT: MARCUS V. BROWN by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said ENTERGY SERVICES, INC. being absent from the domicile at time of said service. Returned the same day _____ No. _____ Deputy Sheriff of _____ |



EXHIBIT A

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO: 17-10039

DIVISION " "

## MICHAEL PERITO

### VERSUS

### ENTERGY CORPORATION and ENTERGY SERVICES, INC.

FILED: _____     _____
                                          DEPUTY CLERK

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Michael Perito, who files the following Petition for Damages:

### PETITIONER

1.

The Petitioner herein is:

(a)   Michael Perito, a person of the full age of majority residing in the state of Mississippi.

### DEFENDANTS

2.

Named Defendants herein are as follows:

(a)   Entergy Corporation, a Delaware company licensed to do and doing business in the State of Louisiana with its principal place of business at 639 Loyola Avenue New Orleans, LA 70113; and

(b)   Entergy Services, Inc., a Delaware company licensed to do and doing business in the State of Louisiana with its principal place of business at 639 Loyola Avenue New Orleans, LA 70113.

### VENUE

3.

Pursuant to La. Code Civ. Proc. art. 42 and 76.1, venue is proper in this Court.

## FACTS

4.

At all relevant times, Plaintiff, Michael Perito, was employed by Defendants and their related subsidiaries as an employee since January 4, 2008, and maintained good standing in his professional capacity throughout its entirety.

5.

Plaintiff was never disciplined before his termination on October 31, 2016, and in the previous 8 years and 11 months of employment with Defendants he received consistently positive periodic performance reviews.

6.

Plaintiff was not informed that he was performing inadequately in his role as Vice President, Nuclear Oversight for Entergy Services, Inc. until he was terminated, despite the fact of consistent positive performance assessments from external industry stakeholders, and despite the constant observation by Plaintiff's superiors via e-mail and other communication, as well as their express and tacit approval of Plaintiff's performance.

7.

On October 31, 2016, Plaintiff was wrongfully terminated for cause by Mr. Adolph Christopher Bakken, Entergy's recently-hired Executive Vice President of Nuclear Operations and Chief Nuclear Officer.

8.

During Plaintiff's approximately nine years of service, he consistently and without exception obtained positive performance reviews and earned promotions.

9.

Pursuant to agreements with Defendants, Plaintiff was entitled to receive significant wages, incentive awards, benefits, equity, options, and the like, and was prevented from receiving such after his termination.

10.

Defendants' first negative review of Plaintiff came after he was terminated and after he

11.

Unlike other former and current employees of Defendants, Plaintiff was not informed or allowed to correct any alleged complaints voiced by Mr. Bakken and/or obtain a different position with Defendants despite his extensive experience and years of service.

12.

Defendants' actions in the instant case were inconsistent with its policies, procedures, and protocols for terminating employees.

13.

Mr. Bakken's reasons provided for Mr. Perito's for cause termination in his 2016 Performance Evaluation are inaccurate, pretextual, personal, malicious and not in accordance with Defendants' protocols, practices, and procedures.

### COUNT 1    BREACH OF WRITTEN AND ORAL CONTRACTS

14.

Plaintiff alleges and repeats each and every allegation contained in the foregoing paragraphs and incorporates each as if fully set forth herein.

15.

Defendants entered into contracts to provide Plaintiff certain financial benefits as part of his employment with Defendants.

16.

Defendants breached these contracts by failing to fulfill its terms. Mr. Perito has been damaged by this breach and is entitled to receive the fair-market value of what was promised.

### COUNT 2    WRONGFUL TERMINATION

17.

Plaintiff alleges and repeats each and every allegation contained in the foregoing paragraphs and incorporates each as if fully set forth herein.

18.

Defendants breached an implied covenant of good faith and fair dealing in their firing of Plaintiff.

19.

Defendants' firing of Plaintiff was in direct contravention of their policies, procedures and protocols.

20.

Moreover, Mr. Bakken's firing of Plaintiff was personal, malicious and pretextual in nature resulting in a wrongful termination under Louisiana law.

### COUNT 3   DETRIMENTAL RELIANCE

21.

Plaintiff alleges and repeats each and every allegation contained in the foregoing paragraphs and incorporates each as if fully set forth herein.

22.

Mr. Perito reasonably relied to his detriment on Defendants' agreements and assurances regarding his employment and retirement benefits.

23.

Mr. Perito turned down external employment solicitations throughout his employment with Defendants and now has no longer received external employment solicitations due to the knowledge in the Nuclear Energy field that he was untimely and unwillingly terminated by Defendants.

24.

As a result of the actions of the Defendants, Mr. Perito has suffered the following non-exclusive list of damages:

   a. Loss of financial damages, including but not limited to wages, incentives, options, equity, and benefits;

   b. Damage to business reputation;

   c. Decreased earning potential;

   d. Emotional distress and mental anguish;

   e. Attorneys' fees;

   f. Costs of this litigation; and

Plaintiff requests a trial by jury.

**WHEREFORE**, Plaintiff prays that the Defendants, Entergy Corporation and Entergy Services, Inc., be duly served with a copy of the Petition and cited to appear and answer same, and that after due proceedings had, there be Judgment in favor of Plaintiff for all damages, plus legal interest, costs, attorneys' fees, and all general and equitable relief to which Plaintiff is shown to be entitled.

Respectfully submitted,

HUBER, SLACK, THOMAS
& MARCELLE, LLP

*(signature)*

STEPHEN M. HUBER, BAR NO. 24463
CHARLES M. THOMAS, BAR NO. 31989
LOGAN S. ALBERTINE, BAR NO. 35309
1100 Poydras Street, Suite 2200
New Orleans, LA 70163
Telephone:   (504) 274-2500
Facsimile:   (504) 910-0838
Stephen@huberslack.com
Charlie@huberslack.com
Logan@huberslack.com
ATTORNEYS FOR PLAINTIFF

**PLEASE SERVE:**

**Entergy Corporation**
*Through its registered agent:*
Marcus V. Brown
639 Loyola Avenue
New Orleans, LA 70113

**Entergy Services Inc.**
*Through its registered agent:*
Marcus V. Brown
639 Loyola Avenue
New Orleans, LA 70113

TRUE COPY

PERITO, MICHAEL

Versus

ENTERGY CORPORATION ET AL

## CITATION

TO:        ENTERGY CORPORATION

THROUGH:   ITS REGISTERED AGENT: MARCUS V. BROWN

           639 LOYOLA AVENUE , NEW ORLEANS , LA 70113

### YOU HAVE BEEN SUED:

You must either comply with the demand contained in the

Petition for Breach of Contract

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

*********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE*********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA October 17, 2017**

**Clerk's Office, Room 402, Civil Courts**  
**421 Loyola Avenue**  
**New Orleans, LA**

**DALE N. ATKINS, Clerk of**  
**The Civil District Court**  
**for the Parish of Orleans**  
**State of LA**  
by _____  
**Damien Brown, Deputy Clerk**

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| **Petition for Breach of Contract** | **Petition for Breach of Contract** |
| ON ENTERGY CORPORATION | ON ENTERGY CORPORATION |
| THROUGH: ITS REGISTERED AGENT: MARCUS V. BROWN | THROUGH: ITS REGISTERED AGENT: MARCUS V. BROWN |
| Returned the same day _____ No. _____ | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said **ENTERGY CORPORATION** being absent from the domicile at time of said service. |
| Deputy Sheriff of _____ | |
| Mileage: $ _____ | Returned the same day |
| _____ / ENTERED / _____ | _____ No. _____ |
| PAPER    RETURN | Deputy Sheriff of _____ |
| ___ / ___ / ___ | |
| SERIAL NO.   DEPUTY   PARISH | |

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO: 17-0039

DIVISION " "

## MICHAEL PERITO

### VERSUS

### ENTERGY CORPORATION and ENTERGY SERVICES, INC.

FILED: _____  _____
                                              DEPUTY CLERK

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Michael Perito, who files the following Petition for Damages:

### PETITIONER

1.

The Petitioner herein is:

(a) Michael Perito, a person of the full age of majority residing in the state of Mississippi.

### DEFENDANTS

2.

Named Defendants herein are as follows:

(a) Entergy Corporation, a Delaware company licensed to do and doing business in the State of Louisiana with its principal place of business at 639 Loyola Avenue New Orleans, LA 70113; and

(b) Entergy Services, Inc., a Delaware company licensed to do and doing business in the State of Louisiana with its principal place of business at 639 Loyola Avenue New Orleans, LA 70113.

### VENUE

3.

Pursuant to La. Code Civ. Proc. art. 42 and 76.1, venue is proper in this Court.

## FACTS

4.

At all relevant times, Plaintiff, Michael Perito, was employed by Defendants and their related subsidiaries as an employee since January 4, 2008, and maintained good standing in his professional capacity throughout its entirety.

5.

Plaintiff was never disciplined before his termination on October 31, 2016, and in the previous 8 years and 11 months of employment with Defendants he received consistently positive periodic performance reviews.

6.

Plaintiff was not informed that he was performing inadequately in his role as Vice President, Nuclear Oversight for Entergy Services, Inc. until he was terminated, despite the fact of consistent positive performance assessments from external industry stakeholders, and despite the constant observation by Plaintiff's superiors via e-mail and other communication, as well as their express and tacit approval of Plaintiff's performance.

7.

On October 31, 2016, Plaintiff was wrongfully terminated for cause by Mr. Adolph Christopher Bakken, Entergy's recently-hired Executive Vice President of Nuclear Operations and Chief Nuclear Officer.

8.

During Plaintiff's approximately nine years of service, he consistently and without exception obtained positive performance reviews and earned promotions.

9.

Pursuant to agreements with Defendants, Plaintiff was entitled to receive significant wages, incentive awards, benefits, equity, options, and the like, and was prevented from receiving such after his termination.

10.

Defendants' first negative review of Plaintiff came after he was terminated and after he

11.

Unlike other former and current employees of Defendants, Plaintiff was not informed or allowed to correct any alleged complaints voiced by Mr. Bakken and/or obtain a different position with Defendants despite his extensive experience and years of service.

12.

Defendants' actions in the instant case were inconsistent with its policies, procedures, and protocols for terminating employees.

13.

Mr. Bakken's reasons provided for Mr. Perito's for cause termination in his 2016 Performance Evaluation are inaccurate, pretextual, personal, malicious and not in accordance with Defendants' protocols, practices, and procedures.

### COUNT 1    BREACH OF WRITTEN AND ORAL CONTRACTS

14.

Plaintiff alleges and repeats each and every allegation contained in the foregoing paragraphs and incorporates each as if fully set forth herein.

15.

Defendants entered into contracts to provide Plaintiff certain financial benefits as part of his employment with Defendants.

16.

Defendants breached these contracts by failing to fulfill its terms. Mr. Perito has been damaged by this breach and is entitled to receive the fair-market value of what was promised.

### COUNT 2    WRONGFUL TERMINATION

17.

Plaintiff alleges and repeats each and every allegation contained in the foregoing paragraphs and incorporates each as if fully set forth herein.

18.

Defendants breached an implied covenant of good faith and fair dealing in their firing of Plaintiff.

19.

Defendants' firing of Plaintiff was in direct contravention of their policies, procedures and protocols.

20.

Moreover, Mr. Bakken's firing of Plaintiff was personal, malicious and pretextual in nature resulting in a wrongful termination under Louisiana law.

### COUNT 3   DETRIMENTAL RELIANCE

21.

Plaintiff alleges and repeats each and every allegation contained in the foregoing paragraphs and incorporates each as if fully set forth herein.

22.

Mr. Perito reasonably relied to his detriment on Defendants' agreements and assurances regarding his employment and retirement benefits.

23.

Mr. Perito turned down external employment solicitations throughout his employment with Defendants and now has no longer received external employment solicitations due to the knowledge in the Nuclear Energy field that he was untimely and unwillingly terminated by Defendants.

24.

As a result of the actions of the Defendants, Mr. Perito has suffered the following non-exclusive list of damages:

a. Loss of financial damages, including but not limited to wages, incentives, options, equity, and benefits;

b. Damage to business reputation;

c. Decreased earning potential;

d. Emotional distress and mental anguish;

e. Attorneys' fees;

f. Costs of this litigation; and

Plaintiff requests a trial by jury.

**WHEREFORE**, Plaintiff prays that the Defendants, Entergy Corporation and Entergy Services, Inc., be duly served with a copy of the Petition and cited to appear and answer same, and that after due proceedings had, there be Judgment in favor of Plaintiff for all damages, plus legal interest, costs, attorneys' fees, and all general and equitable relief to which Plaintiff is shown to be entitled.

Respectfully submitted,

HUBER, SLACK, THOMAS
& MARCELLE, LLP

*/s/ Logan Albertine*

STEPHEN M. HUBER, BAR NO. 24463
CHARLES M. THOMAS, BAR NO. 31989
LOGAN S. ALBERTINE, BAR NO. 35309
1100 Poydras Street, Suite 2200
New Orleans, LA 70163
Telephone: (504) 274-2500
Facsimile: (504) 910-0838
Stephen@huberslack.com
Charlie@huberslack.com
Logan@huberslack.com
ATTORNEYS FOR PLAINTIFF

**PLEASE SERVE:**

**Entergy Corporation**
*Through its registered agent:*
Marcus V. Brown
639 Loyola Avenue
New Orleans, LA 70113

**Entergy Services Inc.**
*Through its registered agent:*
Marcus V. Brown
639 Loyola Avenue
New Orleans, LA 70113

A TRUE COPY