ITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MICHAEL PERITO,** | * | |
| | * | |
| Plaintiff, | * | CIVL ACTION NO. 2:17-cv-11778 |
| | * | |
| V. | * | JUDGE LANCE M. AFRICK |
| | * | |
| **ENTERGY CORPORATION AND** | * | MAG. JUDGE MICHAEL NORTH |
| **ENTERGY SERVICES, INC.** | * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## SECOND SUPPLEMENTAL AND AMENDING COMPLAINT

NOW INTO COURT, through undersigned counsel, comes **MICHAEL PERITO**, who respectfully supplements and amends his initial pleading as follows:

**1.**

Made Plaintiff herein is:

A. **MICHAEL PERITO**, a person of the full age of majority and domiciled in the Parish of Jefferson, State of Louisiana.

**2.**

Made Defendants herein are:

(a) Entergy Corporation, a Delaware company licensed to do and doing business in the State of Louisiana with its principal place of business at 639 Loyola Avenue New Orleans, LA 70113;

 (b) Entergy Services, Inc., a Delaware company licensed to do and doing business in the State of Louisiana with its principal place of business at 639 Loyola Avenue New Orleans, LA 70113; and

 (c) Entergy Corporation Personnel Committee as Administrator for the System Executive Retirement Plan of Entergy Corporation and Subsidiaries and the System Executive Retirement Plan of Entergy Corporation and Subsidiaries (hereinafter collectively referred to as the "SERP"). The SERP is domiciled in the Parish of Orleans, State of Louisiana.

**3.**

Jurisdiction herein is invoked pursuant to 28 U.S.C. §1332 as the parties' citizenships are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**4.**

Venue is proper under 28 U.S.C. §1391(a)(2) as a substantial part of the events giving rise to this claim occurred in the Eastern District of Louisiana.

**5.**

Defendants are justly and truly indebted to Plaintiff herein for damages, together with legal interest thereon from the date of judicial demand until paid, and for costs in these proceedings, for the following, to-wit:

## FACTS

**6.**

At all relevant times, Plaintiff, Michael Perito, was employed by Defendants and their related subsidiaries as an employee since January 4, 2008, and maintained good standing in his professional capacity throughout its entirety.

**7.**

Plaintiff was never disciplined before his termination on October 31, 2016, and in the previous 8 years and 11 months of employment with Defendants he received consistently positive periodic performance reviews.

**8.**

Plaintiff was not informed that he was performing inadequately in his role as Vice President, Nuclear Oversight for Entergy Services, Inc. until he was terminated, despite the fact of consistent positive performance assessments from external industry stakeholders, and despite the constant observation by Plaintiff's superiors via e-mail and other communication, as well as their express and tacit approval of Plaintiff's performance.

**9.**

On October 31, 2016, Plaintiff was wrongfully terminated for cause by Mr. Adolph Christopher Bakken, Entergy's recently-hired Executive Vice President of Nuclear Operations and Chief Nuclear Officer.

**10.**

During Plaintiff's approximately nine years of service, he consistently and without exception obtained positive performance reviews and earned promotions.

**11.**

Pursuant to agreements with Defendants, Plaintiff was entitled to receive significant wages, incentive awards, benefits, equity, options, and the like, and was prevented from receiving such after his termination.

**12.**

Defendants' first negative review of Plaintiff came after he was terminated and after he obtained an attorney to represent him in the instant dispute against Defendants.

**13.**

Unlike other former and current employees of Defendants, Plaintiff was not informed or allowed to correct any alleged complaints voiced by Mr. Bakken and/or obtain a different position with Defendants despite his extensive experience and years of service.

**14.**

Defendants' actions in the instant case were inconsistent with its policies, procedures, and protocols for terminating employees.

**15.**

Mr. Bakken's reasons provided for Mr. Perito's for cause termination in his 2016 Performance Evaluation are inaccurate, pretextual, personal, malicious and not in accordance with Defendants' protocols, practices, and procedures.

**16.**

Mr. Perito was nearing his retirement age/ eligibility and would soon receive significant benefits, stock options, equity, and bonuses as part of his long standing career with Entergy, thus it is evident that Mr. Perito's age played a role in his firing.

**17.**

Unprovoked, Mr. Bakken informed Mr. Perito at his firing that he would not receive a lump sum, as he was being terminated for cause.

**18.**

After applying for his benefits under the System Executive Retirement Plan of Entergy Corporation and Subsidiaries (the "SERP"), Mr. Perito was denied any and all benefits under the SERP. Mr. Perito appealed this ruling, which was also denied on October 24, 2017. All administrative appeals have been exhausted and Plaintiff now must file suit.

**19.**

Mr. Perito was fired in the very last year in which he would have vested in his SERP benefits and based on subjective, unsubstantiated and inaccurate allegations and beliefs in direct contravention to Entergy best practices, standards, protocols, policies, and procedures.

**20.**

Mr. Perito would have received substantial funds through a plan (the SERP) that only a select few executives at Entergy were invited to participate in for a select few years, and which was subsequently ceased based on Defendants' financial decisions and cut backs.

**21.**

Mr. Perito was denied his SERP benefits based on an arbitrary and capricious evaluation, as no Entergy policies and procedures were produced despite repeated requests by Plaintiff.

**22.**

Despite the fact that the SERP plan allows the Administrator to provide such benefits before the ten year vesting period, Mr. Perito was arbitrarily and capriciously denied these SERP benefits based on subjective and unsubstantiated beliefs of Mr. Bakken and not on his eight year track record and Entergy policies.

**COUNT 1     BREACH OF WRITTEN AND ORAL CONTRACTS AND POLICIES**

**23.**

Plaintiff alleges and repeats each and every allegation contained in the foregoing paragraphs and incorporates each as if fully set forth herein.

**24.**

Defendants entered into contracts to provide Plaintiff certain financial benefits as part of his employment with Defendants. Defendants also adhered to certain policies and protocols that provided Plaintiff with financial benefits as part of his employment.

**25.**

Defendants breached these contracts by failing to fulfill its terms. Defendants also breached its policies by failing to provide Mr. Perito with certain compensation pursuant to his employment. Mr. Perito has been damaged by these breaches and is entitled to receive the fair-market value of what was promised.

## COUNT 2     WRONGFUL TERMINATION

**26.**

Plaintiff alleges and repeats each and every allegation contained in the foregoing paragraphs and incorporates each as if fully set forth herein.

**27.**

Defendants breached an implied covenant of good faith and fair dealing in their firing of Plaintiff.

**28.**

Defendants' firing of Plaintiff was in direct contravention of their policies, procedures and protocols.

**29.**

Moreover, Mr. Bakken's firing of Plaintiff was personal, malicious and pretextual in nature resulting in a wrongful termination under state and federal law.

**30.**

Defendants violated the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1), and La. R.S. 23:312(A)(1), by discharging Mr. Perito based on his age and the fact that he was nearing retirement.

**31.**

Defendants intentionally discriminated against Mr. Perito, who was over the age of 40 and nearing retirement eligibility, by discharging him from a position he was more than qualified to perform based upon his age.

## COUNT 3     DETRIMENTAL RELIANCE

**32.**

Plaintiff alleges and repeats each and every allegation contained in the foregoing paragraphs and incorporates each as if fully set forth herein.

**33.**

Mr. Perito reasonably relied to his detriment on Defendants' agreements and assurances regarding his employment and retirement benefits.

**34.**

Mr. Perito turned down external employment solicitations throughout his employment with Defendants and now has no longer received external employment solicitations due to the knowledge in the Nuclear Energy field that he was untimely and unwillingly terminated by Defendants.

**35.**

As a result of the actions of the Defendants, Mr. Perito has suffered the following non-exclusive list of damages:

a. Loss of financial damages, including but not limited to wages, incentives, options, equity, and benefits;
b. Damage to business reputation;
c. Decreased earning potential;
d. Emotional distress and mental anguish;
e. Attorneys' fees;

f. Costs of this litigation; and

g. All other losses which will be proven at the trial of this matter.

## COUNT 4     ERISA CLAIMS PURSUANT TO THE SERP

**36.**

The Defendants' denial of benefits pursuant to the SERP is a violation of 29 U.S.C. §1132(a)(1), and Mr. Perito is entitled to all benefits he would have received but for the denial by the Administrator.

**37.**

The Defendants' various breaches of fiduciary duty as Administrators of the SERP are violations of 29 U.S.C. §1132(a)(3), and Mr. Perito is entitled to equitable relief and remedies within the full scope of applicable law.

**38.**

The Defendants' breaches under 29 U.S.C. § 1140 for their interference with Plaintiff's benefits through improper purposes, including but not limited to, his nearing retirement age.

**39.**

Prior to the initiation of this civil action the Plaintiff has exhausted all administrative remedies available to him such that this civil action is ripe for presentation to the Court and is not premature.

**40.**

Plaintiff requests a trial by jury.

**WHEREFORE**, Plaintiff prays that the Defendants, Entergy Corporation, Entergy Services, Inc., and Entergy Corporation Personnel Committee as Administrator for the System Executive Retirement Plan of Entergy Corporation and Subsidiaries and the System Executive Retirement Plan of Entergy Corporation and Subsidiaries, be duly served with a copy of the First Supplemental and Amending Complaint and cited to appear and answer same, and that after due proceedings had, there be Judgment in favor of Plaintiff for all damages, plus legal interest, costs, attorneys' fees, and all general and equitable relief to which Plaintiff is shown to be entitled.

Respectfully submitted,

**HUBER, SLACK, THOMAS & MARCELLE, LLP**

_____
STEPHEN M. HUBER, BAR NO. 24463
CHARLES M. THOMAS, BAR NO. 31989
LOGAN S. ALBERTINE, BAR NO. 35309
1100 Poydras Street, Suite 2200
New Orleans, LA 70163
Telephone: (504) 274-2500
Facsimile: (504) 910-0838
Stephen@huberslack.com
Charlie@huberslack.com
ATTORNEYS FOR PLAINTIFF